IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLAYBOY ENTERPRISES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HAYMARKET MEDIA, INC., <br><br> Defendant, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff Playboy Enterprises International, Inc. ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Haymarket Media, Inc. ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 *et seq*. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial and attorney's fees.

**PARTIES**

2. Plaintiff is a corporation organized and existing under the laws of Delaware with its principal place of business at 10960 Wilshire Boulevard, Suite 2200, Los Angeles, California 90024.

3. Upon information and belief, Defendant is a domestic business corporation

registered to do business in New York with a principal place of business located at 275 7th Ave., 10th Floor New York, NY 10001 and doing business as Campaign US.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

7. Launched in 1953, Plaintiff is a global media and lifestyle company. It has revolutionized the way photography is used to depict beauty, sexuality, and cultural trends, setting a new standard for artistic nude photography, working with renowned photographers to create stylized, sophisticated imagery that blends fashion and fine art. Its featured celebrity and model portraits have become cultural touchstones, often pushing boundaries in terms of composition, lighting, and storytelling. Since its launch, Plaintiff has amassed an unparalleled catalogue of iconic imagery that it strategically licenses.

8. Among the iconic images owned by Plaintiff is the following photograph

of the celebrity Elizabeth Elam by the celebrated photographer Gavin Bond and referred to herein as the "Copyrighted Work":



9. Plaintiff has obtained certificates of registration from the United States Copyright Office, Reg. No. VA 2-034-677, for the copyrights in and to the Copyrighted Work.

10. The Copyrighted Work is a work made for hire and Plaintiff owns and has owned at all relevant times all the copyrights in and to the Copyrighted Work.

B.  **Defendant's Unlawful Activities**

11. In or about August of 2024, Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

12. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of derivative works, and/or publicly displayed, without Plaintiff's authorization, at a website believed to be owned and operated by Defendant, www.campaignlive.com, a copy of the screenshot of which is depicted here:



13. Upon information and belief, Defendant is directly responsible for the use of the Copyrighted Work described above.

14. Upon information and belief, Defendant needed photographic content from Plaintiff as illustration for an article about Plaintiff. Defendant could have inquired about a possible license for use of the Copyrighted Work at Defendant's website. Defendant did not. Instead, Defendant, or someone acting on its behalf, searched the internet and located the Copyrighted Work and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of the webpage depicted above, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

15. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work.

16. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

17. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful.

18. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful in that Defendant has acted in reckless disregard of Plaintiff's copyrights. Defendant, a media business familiar with copyright law and the need to seek a license for the use of the Copyrighted Works, knew it did not have permission to use Plaintiff's Copyrighted Works and deliberately did so anyway.

19. In addition, Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful in that Defendant has

extensive experience with copyright ownership and claims to own the copyrights to the content found at Defendant's website, including Plaintiff's Copyrighted Work, by placing the notification "© Haymarket Media Group Ltd." on its website.

20. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful or in reckless disregard of Plaintiff's copyrights in that Defendant failed to educate the employee or employees responsible for these infringements as to the requirements of the copyright laws to obtain permission to copy, reproduce, publicly display the Copyrighted Work without authorization from Plaintiff.

21. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful or in reckless disregard of Plaintiff's copyrights in that Defendant was willfully blind to the risk of infringement by allowing its writers and editors to post the Copyrighted Work on Defendant's website without verifying the authorization for the use of the Copyrighted Work.

<u>**CLAIM FOR RELIEF**</u>
<u>**DIRECT COPYRIGHT INFRINGEMENT**</u>
<u>**(17 U.S.C. § 101 *et seq.*)**</u>

22. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

23. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

24. Plaintiff owns, and has owned at all relevant times, sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

25. As a result of Plaintiff's prior publication of the Copyrighted Work,

Defendant had access to the Copyrighted Work prior to the creation of the Infringing Website.

26. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and/or publicly displaying the Copyrighted Works at the infringing website.

27. Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

28. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

29. In addition, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

30. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for the infringement of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

31. Further, pursuant to 17 U.S.C. § 505, Plaintiff is entitled to recover its reasonable attorneys' fees.

32. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has

no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors,

attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 6, 2025

                                          Respectfully submitted,

                                          /s/ *R. Terry Parker*
                                          R. Terry Parker, Esquire
                                          Law Office of R. Terry Parker
                                          43 West 43rd Street, Suite 275
                                          New York, New York 10036
                                          Telephone: (212) 859-5068
                                          Email: terry@rterryparkerlaw.com

                                          *Attorney for Plaintiff*
                                          *Playboy Enterprises International, Inc.*